**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

FRANCIS JOSEPH WARNS      \*
     \*
       v.      \*         **Civil Case No. CCB-17-1307**
     \*
COMMISSIONER, SOCIAL SECURITY[1]    \*
     \*
              \*\*\*\*\*\*\*\*\*\*\*\*\*

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' cross-dispositive motions and the accompanying memoranda. [ECF Nos. 22, 25, 28]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Social Security Administration ("SSA") if it is supported by substantial evidence and if the SSA employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that Mr. Warns's motion be denied, that the SSA's motion be granted, and that the SSA's judgment be affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Mr. Warns filed an application for Disability Insurance Benefits ("DIB") on May 20, 2013, alleging a disability onset date of April 29, 2013. (Tr. 217-20). His application was denied initially on August 20, 2013, and on reconsideration on November 22, 2013. (Tr. 121-44, 145-64). An Administrative Law Judge ("ALJ") held a hearing on September 11, 2015, at which

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

Mr. Warns was represented by counsel. (Tr. 49-120). Following the hearing, the ALJ determined that Mr. Warns was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 22-44). After considering additional evidence submitted by Mr. Warns's attorney, the Appeals Council denied Mr. Warns's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Warns suffered from the severe impairments of "degenerative disc disease; status post right ankle surgery; anxiety disorder; affective disorder; borderline personality disorder; and ganglion cyst on right wrist." (Tr. 25). Despite these impairments, the ALJ determined that Mr. Warns retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except that he is further limited to: occasional pushing/pulling with right foot controls; occasional climbing of ramps or stairs; occasional stooping, kneeling, crouching, crawling, or balancing on narrow, slippery, or erratically moving surfaces; never climbing ladders, ropes or scaffolds; and performing simple, routine, repetitive tasks with occasional contact with co-workers, supervisors or the general public. He may require time off task, which can be accommodated by normal breaks.

(Tr. 28). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Warns could perform jobs existing in significant numbers in the national economy, and that, therefore, he was not disabled. (Tr. 43-44).

Mr. Warns disagrees. He raises four primary arguments on appeal: (1) that the ALJ erred in assessing his subjective complaints; (2) that the ALJ failed to order a consultative evaluation; (3) that the ALJ did not incorporate all of the limitations from an opinion to which he had assigned "great weight;" and (4) that the Appeals Council did not adequately consider new evidence submitted into the record. Each argument lacks merit for the reasons discussed below.

First, Mr. Warns argues that "the ALJ found that the subjective complaints of Mr. Warns were not credible based largely on the lack of objective evidence showing damage to his ankle, knee and back." Pl. Mot. 7. Had the ALJ relied exclusively on a lack of objective evidence, the

analysis would be flawed. *See Hines v. Barnhart*, 453 F.3d 559, 563-64 (4th Cir. 2006) (permitting a claimant to rely on subjective testimony to establish the disabling effects of a medically determinable impairment); *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017) ("[S]ubjective evidence of pain intensity cannot be discounted solely because of objective medical findings."). Here, however, while the lack of objective evidence formed one component of the ALJ's assessment of Mr. Warns's subjective complaints, the ALJ also relied on a great deal of additional evidence, such as Mr. Warns's testimony about his activities of daily living, (Tr. 30); Mr. Warns's repeated declination of treatment offered by his treating doctors, (Tr. 32); Mr. Warns's inconsistent statements regarding the severity of his symptoms, (Tr. 32-33); and Mr. Warns's statements suggesting he was altering his activities in an effort to procure disability benefits, (Tr. 33). The ALJ, then, performed a proper analysis and did not rely exclusively on objective evidence to assess Mr. Warns's subjective assertions of disabling pain.

Mr. Warns next contends that the ALJ erred by failing to schedule a consultative examination. Pl. Mot. 7. An ALJ "has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate." *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986) (citations omitted). However, an ALJ has discretion in deciding whether to order a consultative examination. *See* 20 C.F.R. § 416.919a(a); *Bishop v. Barnhart*, 78 F. App'x 265, 268 (4th Cir. 2003). A consultative examination is only needed when the evidentiary record before the ALJ is inadequate. *France v. Apfel*, 87 F. Supp. 2d 484, 489-90 (D. Md. 2000). A consultative examination may be used to "resolve any conflicts or ambiguities within the record, as well as 'to secure needed medical evidence the file does not contain such as clinical findings, laboratory tests, a diagnosis or prognosis necessary for decision.'" *Kersey v. Astrue*, 614 F.

Supp. 2d 679, 693 (W.D. Va. 2009) (citing 20 C.F.R. §§ 404.1519a(a)(2), 416.919a(a)(2)). The mere existence of contradictory evidence, some supporting and some undermining an allegation of disability, does not mandate that an ALJ order a consultative examination, where, as here, the ALJ cites to adequate evidence to support his determination.

Mr. Warns's third contention is that the ALJ erred by failing to incorporate a specific limitation suggested by his treating physician, Dr. Corvera, despite assigning "great weight" to Dr. Corvera's opinion. Pl. Mot. 7. Social Security regulations provide that:

> If we find that a treating source's medical opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, we will give it controlling weight.

20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). However, if a treating source's medical opinion is not assigned controlling weight, the ALJ should consider the following factors in determining the weight to give the opinion: (1) the length of the treatment relationship, including its nature and extent; (2) the supportability of the opinion; (3) the opinion's consistency with the record as a whole; (4) whether the source is a specialist; and (5) any other factors that tend to support or contradict the opinion. *Id.* §§ 404.1527(c), 416.927(c).

In the instant case, the ALJ assessed multiple opinions rendered by Dr. Corvera, and assigned various amounts of weight to various portions of those opinions. (Tr. 34-36). The portion cited by Mr. Warns is a limitation relating to his back impairment, suggesting that Mr. Warns has "additional functional loss due to pain, weakness, lack of endurance, fatigability and incoordination after repetitive use." (Tr. 977). However, with respect to Mr. Warns's back impairment, the ALJ assigned Dr. Corvera's opinion only "partial weight," because those opinions "appear to be based solely on the claimant's subjective complaints" and are undermined

by the claimant's activities. (Tr. 36). Thus, the ALJ provided a detailed explanation for the assignment of partial weight and, accordingly, the reason for declining to impose the back-related limitation that Dr. Corvera suggested.

Importantly, this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls to the ALJ. *Mastro v. Apfel*, 270 F.3d 171, 179 (4th Cir. 2001) (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). Here, the ALJ adequately supported his findings with substantial evidence.

Finally, Mr. Warns contends that the Appeals Council failed to consider new evidence relating to his spine and ankle. Pl. Mot. 7-8. The Appeals Council did not provide a substantive analysis of the new information, stating only that the additional evidence about the spine "does not provide a basis for changing the [ALJ's] decision." (Tr. 2). As to the medical records pertaining to Mr. Warns's ankle, the Appeals Council noted that the records pertained to a time after the ALJ's decision, and therefore would not affect the ALJ's determination. *Id.* "[T]he regulatory scheme does not require the Appeals Council to do anything more than what it did in this case, *i.e.*, 'consider new and material evidence ... in deciding whether to grant review.'" *Meyer v. Astrue*, 662 F.3d 700, 706 (4th Cir. 2011) (quoting *Wilkins v. Sec'y. Dep't of Health & Human Servs.*, 953 F.2d 93, 95 (4th Cir. 1991) (en banc). The Appeals Council is not required to take any specific action in response to new and material evidence, and is not required to provide a detailed explanation of its evaluation. *Id.* Because it is clear from the record that the Appeals Council considered all of the evidence presented by Mr. Warns and his counsel, the Appeals

Council fulfilled its obligation.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court GRANT Defendant's Motion for Summary Judgment [ECF No. 28];

2. the Court DENY Plaintiff's Motion for Summary Judgment [ECF No. 22];

3. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.


Dated:  June 6, 2018                                    _____/s/_____
                                                        Stephanie A. Gallagher
                                                        United States Magistrate Judge